**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA**<br><br>**v.**<br><br>**KENDRICK TATE** | **)<br>)<br>)<br>)<br>)** | **Criminal No. 18-10004-IT** |

**GOVERNMENT'S SENTENCING MEMORANDUM**

On July 9, 2018, counsel in this case consummated the plea agreement that has been submitted to the Court under Rule 11(c)(1)(C). It calls for the lowest possible legal sentence that can be imposed given the defendant's undisputed status as an "Armed Career Criminal" under 18 U.S.C. §924(e) and USSG §4B1.4 and a "Career Offender" under USSG §4B1.1. PSR at ¶ ¶ The recommended disposition starts at 180 months (the required mandatory minimum under section 924(e)) and then gives the defendant credit for the 19 months he will have spent in state custody on Essex Superior Court Case Nos. 1111CR00274A-E as of the date of sentencing. See USSG §5G1.3(b). See also PSR at ¶65 (description of Essex Superior Court case). The government has also agreed that the balance of the sentence in Essex County Superior Case should be served concurrently with the sentence in this case. This will produce a total period of incarceration of 161 months.

Again, the government does not believe that any lower sentence could be lawfully imposed given the mandatory provisions of section 924(e). Moreover, it is in the government's view a sentence that properly reflects the seriousness of the offenses of conviction and of the defendant's persistent offending for over a decade. See PSR at ¶ ¶ 51-65. Since 2006, the defendant has been under nearly continuous judicial supervision. As a juvenile, the defendant's record includes 6 determinations of delinquency in 5 cases (including determinations for drug

distribution, assault and battery, and threats). Since joining the adult system in 2009, the defendant has been convicted of 20 crimes in 10 cases that include convictions for drug distribution (multiple cases including heroin and cocaine), convictions for serious crimes such as Assault with a Dangerous Weapon, Assault and Battery with a Dangerous Weapon, Witness Intimidation, violence against police, and possession of a sawed off shotgun. Id. Thus, even though he is only 26 years old, the defendant has already been incarcerated 10 times in 10 cases for periods up to 4 years and has violated adult probation 6 separate times. The agreed upon sentence (even if it were not lawfully required) would nevertheless be justified in the circumstances of this case given the need to protect the public from the defendant's persistent offending.

**PROPOSED JUDICIAL RECOMMENDATIONS**

Any plan designed to give the defendant the maximum chance at fundamental life change must of course begin with the terms and conditions of his incarceration. E.g., United States v. Gautier, 590 F. Supp. 2d 214 162, 164 (D. Mass. 2008)(Gertner, J.)("I have required Probation to devise a recommended plan for him, both as a recommendation for the Bureau of Prisons during the period of his incarceration and as a template for his supervised release afterwards. Studies suggest the significance on recidivism of a consistent plan, beginning in prison and extending into reentry. Laurie Robinson & Jeremy Travis, 12 Fed. S.R. 258 (2000)." For this reason, the government is requesting that the Court recommend to the Bureau of Prisons that the defendant be given any available mental health and substance abuse counseling (including without limitation the RDAP Program) and education or vocational training so that the defendant may have some marketable skills when he is released.

**PROPOSED SUPERVISED RELEASE CONDITIONS**

The plea agreement calls for 6 years of supervised release, the minimum period requested by statute. During that Supervised Release, the government is seeking the following Special Conditions of Supervised Release to protect public safety and assist the defendant when he has completed his sentence:

**(1) Residence**. It is unclear if the defendant will require housing upon release. Until he finds a residence approved by Probation, the defendant should be required to reside in a Residential Reentry Center (and to abide by the rules of that facility) so that he will have a safe place to live.

**(2) Curfew.** Wherever the defendant ends up living, he should be placed on a 9 p.m.-6 a.m. curfew for the first 6 months following his release from an RRC. This will encourage him to be home at night rather than in places where he might renew longstanding criminal associations or be presented with opportunities to commit new crimes (particularly if he is allowed to return to his prior residence). The Probation Office should have the power to relax the curfew (which should be enforced by electronic monitoring) for school or employment.

**(3) Mental Health and Substance Abuse**

The defendant should be required to participate in any substance abuse or mental health treatment if directed to do so by Probation. PSR at ¶ ¶ 105-06 (mental health history); 110-12 (substance abuse history). He should also be drug tested on a regular basis

**(4) Other Recommendations**. Other recommended special conditions include continued education/vocational training, that the defendant be required to participate in any Cognitive Behavioral Program as directed by his Probation Officer, and that the defendant receive a judicial recommendation for RESTART or CARE or any comparpable programs in

place when he completes his sentence.[1]

Respectfully submitted,

ANDREW E. LELLING
UNITED STATES ATTORNEY

By: /s/John A. Wortmann, Jr.
JOHN A. WORTMANN, JR.
Assistant U.S. Attorney
(617) 748-3207

**CERTIFICATE OF SERVICE**

The government hereby certifies that the foregoing was this day filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing ("NEF") and paper copies will be sent to those indicated as non-registered participants.

/s/ John A. Wortmann, Jr. 12/6/18
JOHN A. WORTMANN, JR

1 It is customary for the government in cases like this to seek associational and geographic restrictions. Given the length of the sentence it is not seeking them here.