UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| | * |
| v. | * |
| | *   Criminal Action No. 1:18-cr-10004-IT |
| KENDRICK TATE, | * |
| | * |
| Defendant. | * |

ORDER

January 17, 2025

TALWANI, D.J.

On January 13, 2025, Defendant Kendrick Tate filed a letter with this court, dated January 2, 2025, asking for counsel to be appointed to assist him in pursuing a modification of his sentence pursuant to the 2023 U.S. Sentencing Guidelines Amendment 821 and certain November 1, 2024 Amendments to the Sentencing Guidelines.

Under this court's Plan for Implementing the Criminal Justice Act of 1964, as amended, 18 U.S.C. § 3006A, appointment of counsel in an ancillary proceeding is discretionary.

This court did previously appoint counsel to screen Defendant's case pursuant to Amendment 821, which addresses "status points" in the calculation of the Criminal History Category under USSG § 4A1.1 and downward adjustments for "zero-point offenders" under § 4C1.1. See January 4, 2024 Elec. Order [Doc. No. 84] (entering court's Procedural Order Concerning Appointment of Counsel and Motions for Retroactive Guideline Applications). After review of Defendant's case, the Federal Public Defender Office, in consultation with U.S. Probation, discerned no viable claim based on Amendment 821. See January 17, 2024 Notice from the Federal Public Defender Office [Doc. No. 85]. The court is similarly aware of no viable claim based on Amendment 821, where Defendant had a criminal history score of 16 before the

addition of status points, and falls in criminal history category VI, even if no status points are added.

The court is also aware of no colorable basis for a sentence reduction under the November 1, 2024 Amendments where Defendant was sentenced under 18 U.S.C. 924(e) and in accordance with his binding plea agreement to the statutory mandatory minimum of 180 months. See Statement of Reasons at 4 [Doc. No. 69]. Therefore, the November 1, 2024 Amendments that Defendant references, which concern "relevant conduct" for determining the guideline range, are inapplicable to the present case.

Accordingly, the request for appointment of counsel is DENIED.

IT IS SO ORDERED.

January 17, 2025                                    /s/ Indira Talwani
                                                    United States District Judge